UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BRADDOCK REALTY, LLC and PRASHANT PATEL,**<br><br>Defendants. | Civ. No. 16-370 (WJM)<br><br><br>OPINION |

      Plaintiff Days Inns Worldwide, Inc. ("DIW") brings the instant unopposed motion for default judgment against Defendants Braddock Realty, LLC ("Braddock") and Prashant Patel ("Patel" and, collectively, "Defendants") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, DIW's motion is **GRANTED**.

## I. BACKGROUND

      On or about June 7, 2007, DIW entered into a License Agreement ("License Agreement") with the Defendants for the operation of a 165-room Days Inn in Lexington Park, Maryland. (Compl., ECF No. 1, ¶ 15.) In accordance with the License Agreement, Defendants were required to operate a Days Inn for a fifteen-year term. (*Id*. ¶ 16.) On September 30, 2014, Defendants unilaterally terminated the License Agreement. (*Id*. ¶ 28.) The same day, DIW sent letters to Defendants informing them of their violation of the License Agreement and the requirement that they provide all outstanding payments. (*Id.* ¶ 29.) Upon Defendants failing to do so, DIW commenced the instant action seeking payment of outstanding fees in amount of $55,475.57, liquidated damages in the amount of $165,000.00, and prejudgment interest. (*Id.* ¶¶ 18, 56.)

      DIW commenced this action on January 21, 2016. The service of the Complaint was effectuated on defendant Patel on April 5, 2016. Unable to locate defendant Braddock, DIW served Braddock via certified and regular mail with return receipt requested on April 14, 2016. (Certification Bryan P. Couch Supp. Mot. Final J. by Default ("Couch Cert."), ECF No. 8-2, ¶ 5-7.) The Clerk entered default against the Defendants on May 10, 2016, which was also served upon

1

Defendants.  (Couch Cert. ¶ 10.)  DIW then filed the instant motion for default judgment on May 25, 2016.

## II.   DISCUSSION

The mere fact of default does not entitle plaintiff to judgment.  To enter default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the complaint.  *See Chanel Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008).   Once a cause of action has been established, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  Although the facts plead in the complaint are accepted as true, plaintiff must prove damages.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Court finds that based on the facts set forth by DIW, default judgment should be entered.  DIW has put forth a valid cause of action based on a breach of the License Agreement.  *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11–896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (stating that to establish a breach of contract claim, a plaintiff has the burden of showing: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.")  Accordingly, since there is sufficient evidence on the record that Defendants entered into and breached the License Agreement, the Court finds that there is no basis for Defendants to claim a meritorious defense.  Additionally, the Court finds that Plaintiff has been prejudiced by Defendants' failure to plead or otherwise defend, because it has been prevented from moving forward with its case and receiving the requested relief.  Lastly, where a defendant has failed to respond, this failure "evinces [a defendant's] culpability in its default."  *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011).

As to damages, DIW has submitted sufficient evidence to support its request for damages totaling $272,444.42.  (Aff. Suzanne Fenimore, ECF No. 8-3, ¶¶ 22-23.)

## III. CONCLUSION

      For the above reasons, Plaintiff's motion for default judgment is **GRANTED**.  An appropriate order follows.

          /s/ William J. Martini
          **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  July 19, 2016.**